Lucyle **KALISH** and Sol Joseph Kamen, Plaintiffs–Appellants,

v.

**FRANKLIN ADVISERS, INC.; Franklin Distributors, Inc.; Franklin Administrative Services, Inc.; Franklin Resources, Inc.; Franklin Custodian Funds, Inc. (U.S. Government Securities Series), Defendants–Appellees.**

No. 829, Docket 90–7774.

United States Court of Appeals, Second Circuit.

Argued Jan. 29, 1991.

Decided March 21, 1991.

---

Richard M. Meyer (George A. Bauer III, Milberg Weiss Bershad Specthrie & Lerach, New York City, of counsel), for plaintiffs-appellants.

Daniel A. Pollack (Martin I. Kaminsky, W. Hans Kobelt, Pollack & Kaminsky, New York City, of counsel), for defendants-appellees Franklin Advisers, Inc., Franklin Distributors, Inc., Franklin Resources, Inc. and Franklin Administrative Services, Inc.

Brian E. Lorenz, White Plains, N.Y., for defendant-appellee Franklin Custodian Funds, Inc. (U.S. Government Securities Series).

Before TIMBERS, MESKILL and CARDAMONE, Circuit Judges.

PER CURIAM:

This is an appeal from an order and a final judgment of the United States District Court for the Southern District of New York, Haight, *J.* Plaintiffs appeal from (1) the Memorandum Opinion and Order dated February 29, 1988 striking plaintiffs' jury demand, and (2) the final judgment entered by the district court dismissing the complaint brought pursuant to section 36(b) of the Investment Company Act. 742 F.Supp. 1222 (S.D.N.Y.1990). Plaintiffs claimed that Franklin Advisers breached its fiduciary duty by exacting an exorbitant fee. In its final judgment the district court found that plaintiffs failed to prove several necessary elements of their claim, including management's breach of its fiduciary duty, the excessiveness of fees, the existence of economies of scale and the intentional misallocation of expenses.

■ We affirm the judgments of the district court. Judge Haight's decision striking plaintiffs' jury demand is explained in a separate unpublished memorandum from his final decision. In light of the recent Supreme Court decision, *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry,* 494 U.S. 558, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990), we think a separate published opinion on the jury demand issue is in order.

■ Plaintiffs contend the district court erred in striking their jury demand. Plaintiffs claim that because they were seeking money damages only, *Terry* indicates that plaintiffs were entitled to a jury trial. A jury trial is not guaranteed to those seeking relief in equity. 5 *Moore's Federal Practice* ¶ 38.08[5.-4], at 38–52 (1991). We have held that claims arising under section 36(b) of the Investment Company Act of 1940, 15 U.S.C. § 80a–35, for breach of fiduciary duty to recover excessive fees, are equitable in nature. *Krinsk v. Fund Asset Management, Inc.,* 875 F.2d 404, 414 (2d Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 281, 107 L.Ed.2d 261 (1989); *Schuyt v. Rowe Price Prime Reserve Fund, Inc.,* 835 F.2d 45, 46 (2d Cir.1987), *cert. denied,* 485 U.S. 1034, 108 S.Ct. 1594, 99 L.Ed.2d 908 (1988); *In re Gartenberg,*

636 F.2d 16, 17–18 (2d Cir.1980), *cert. denied*, 451 U.S. 910, 101 S.Ct. 1979, 68 L.Ed.2d 298 (1981). Thus, a party seeking relief under section 36(b) ordinarily is not entitled to a jury trial. *Krinsk,* 875 F.2d at 414; *Schuyt,* 835 F.2d at 46; *Gartenberg,* 636 F.2d at 18.

A recent Supreme Court decision arguably has cast some doubt on these Second Circuit precedents. In *Terry,* a dispute arising out of a union's refusal to refer plaintiffs' complaints to the grievance committee, plaintiffs sued their union for breach of the duty of fair representation. *Id.* 110 S.Ct. at 1343. Plaintiffs sought relief from the union in the form of injunctive relief and compensatory damages for back pay and lost wages. The claim required proof that the employer breached the collective bargaining agreement and that the union breached the duty of fair representation. *Id.* at 1344. While the duty of fair representation, viewed alone, is equitable in nature, the breach of a collective bargaining agreement is contractual and therefore is a legal issue. *Id.* at 1347. The back pay sought was not money wrongfully held by the union; rather, it was money that would have been paid to the plaintiffs had their grievances been properly processed. This relief was not restitutionary in nature, nor was it incidental to a request for injunctive relief; the back pay sought constituted legal damages. *Id.* at 1348. As a result, the Supreme Court held that the Seventh Amendment entitled plaintiffs to a jury trial on all issues. *Id.* at 1349.

The Seventh Circuit has construed section 36(b) with respect to a plaintiff's jury demand in light of *Terry. See Kamen v. Kemper Financial Services, Inc.,* 908 F.2d 1338 (7th Cir.), *cert. granted in part on other grounds,* — U.S. —, 111 S.Ct. 554, 112 L.Ed.2d 561, *cert. denied,* — U.S. —, 111 S.Ct. 558, 112 L.Ed.2d 565 (1990). While the *Kamen* Court recognized that *Terry* may cast doubt on the foundation of earlier section 36(b) decisions, the *Kamen* Court held that section 36(b) relief was purely equitable, even under a *Terry* analysis. *See Kamen,* 908 F.2d at 1351.

The instant action presents a situation no different from that involved in *Krinsk, Schuyt, Gartenberg* and *Kamen* and one plainly distinguishable from *Terry.* The central issue in this action is whether the fund adviser violated its fiduciary duty to the fund by exacting an exorbitant fee. Any unreasonable portion of the fee must be returned to the fund. This restitutionary relief is clearly equitable in nature regardless of whether it is called damages. As a result, plaintiffs are not entitled to a jury trial.

Accordingly, the Memorandum Opinion and Order dated February 29, 1988, 1988 WL 30396, striking plaintiffs' jury demand is affirmed.

We have also considered plaintiffs' contentions arising out of the final judgment and find them to be without merit. As to these, we affirm substantially for the reasons set forth by Judge Haight in his Memorandum Opinion and Order. 742 F.Supp. 1222 (S.D.N.Y.1990).